# In the United States Court of Federal Claims

|  |  |
|---|---|
| GRAY EL MITCHELL,<br><br>               *Plaintiff,*<br><br>v.<br><br>THE UNITED STATES,<br><br>               *Defendant*. | No. 23-844<br>(Filed: July 21, 2023) |

Monika Gray El Mitchell, *pro se*, Sikeston, MO.

Robert Ralph Kiepura, United States Department of Justice, Washington, DC, for Defendant.

**OPINION AND ORDER**

**LERNER,** *Judge*.

      Plaintiff Monika Gray El Mitchell filed a pro se Complaint in this Court on June 5, 2023. Compl., ECF No. 1. She alleges that the Missouri Parole Board and state employees violated her rights under Missouri's Sunshine Law, the Freedom of Information Act ("FOIA"), and the Constitution when they failed to produce records that she had requested. Compl. at 4, ECF No. 1. The Complaint is **DISMISSED without prejudice** because this Court does not have jurisdiction over Plaintiff's claims. *See* 28 U.S.C. § 1491. Plaintiff's Motion to Proceed in Forma Pauperis is **DENIED as moot**.

**I.**     **Background**

      Plaintiff attests that she was wrongfully imprisoned by the Missouri Parole Board and that she continuously lodged complaints with the Parole Board but received "no response . . . to deny or support [her] claim." Compl. Ex. 1-1 at 2. Ms. Gray El Mitchell alleges that she earned compliance credits that should have allowed her a shorter parole period. *Id.* at 8. She expected a parole period of one year and eight months but instead received a two-year period. *Id.* After her release from prison, she sent additional requests to state officials who "ignored [her] many attempts to address . . . these matters." Compl. at 4. Ms. Gray El Mitchell asserts violations of Missouri's Sunshine Law, FOIA, and her due process rights under the Constitution; she seeks $3 million in damages. *Id.* at 3–4.

      On June 16, 2023, this Court ordered Plaintiff to pay the required filing fee or file a motion to proceed in forma pauperis by July 14, 2023. ECF No. 6. Ms. Gray El Mitchell filed

her Motion to Proceed in Forma Pauperis after the deadline on July 17, 2023.[1]  Mot. to Proceed in Forma Pauperis ("IFP Mot."), ECF No. 8.

## II.  Subject-Matter Jurisdiction

Plaintiff proceeds pro se, and this Court generally holds a pro se plaintiff's complaint to "less stringent standards."  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Still, a pro se plaintiff must meet the Court's jurisdictional requirements.  *Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015).  If the Court "determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action."  Rule 12(h)(3) of the Rules of the Court of Federal Claims.  The Court may raise subject-matter jurisdiction sua sponte at any stage in the litigation even if the Government has not yet filed an answer.  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) ("[C]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists.").

Here, it is clear from the face of the Complaint that this Court lacks jurisdiction over Ms. Gray El Mitchell's action.  First, this Court's jurisdiction is confined to claims against the United States, and the Court cannot hear cases against states, state agencies, or state officials.  *Walsh v. United States*, 250 F. App'x 310, 311 (Fed. Cir. 2007).  As such, the Court has no jurisdiction to hear Plaintiff's claims against the Missouri Parole Board or Missouri officials.  Plaintiff has not asserted any claims against the United States deriving from money-mandating sources of law "not sounding in tort."  28 U.S.C. § 1491(a)(1).

Second, this Court does not have jurisdiction over the alleged violations of Missouri's Sunshine Law because "[c]laims founded on state law are also outside the scope of the limited jurisdiction of the Court of Federal Claims."  *Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007).  Similarly, this Court cannot adjudicate Plaintiff's claims predicated on the FOIA because that statute does not contain money-mandating provisions.  *Frazier v. United States*, 683 F. App'x 938, 940 (Fed. Cir. 2017) (citation omitted).  Thus, this Court does not have authority to adjudicate Ms. Gray El Mitchell's claims and must dismiss the Complaint.

---

[1] While this Court has the discretion to allow a party to proceed without paying the requisite fees, it does not need to decide whether Plaintiff qualifies for in forma pauperis status because this Court lacks jurisdiction over her claims.  *Infra* Section II; 28 U.S.C. § 1915(a)(1).

**III.     Conclusion**

      For the reasons explained above, the case is **DISMISSED without prejudice**, and Plaintiff's Motion to Proceed in Forma Pauperis is **DENIED as moot**. The Court directs the Clerk of the Court to enter judgment accordingly.

      **IT IS SO ORDERED.**

      <u>s/ Carolyn N. Lerner</u>
      CAROLYN N. LERNER
      Judge